UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CISNEROS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROWLAND, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01070-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE PROCEED ON EXCESSIVE USE OF FORCE AGAINST DEFENDANTS ROWLAND, MARROQUIN, AND GARCIA, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

      Plaintiff Matthew Cisneros, a state prisoner, proceeds *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff alleges that corrections officers used excessive force against him, acted with deliberate indifference in providing him with medical care, and deprived him of his personal property.

      On March 7, 2025, the Court screened Plaintiff's complaint and concluded that Plaintiff states a claim for excessive use of force against Defendants Rowland, Marroquin, and Garcia. (ECF No. 14 at 11). The Court found that Plaintiff failed to state any other cognizable claims. (*Id.* at 8–10). The Court gave Plaintiff thirty days to either 1) notify the Court that he wishes to proceed only on the excessive force claim that the Court found cognizable; 2) file a first amended complaint; or 3) notify the Court in writing that he wishes to stand on his complaint. (*Id.* at 11). On April 2, 2025, Plaintiff filed notice stating, "I want to stand on my initial complaint." (ECF No. 15).

For the reasons set forth below, the Court recommends that this case proceeds on the excessive force claim against Defendants Rowland, Marroquin, and Garcia, and that all other claims and defendants be dismissed.

Plaintiff has thirty days from the date of service of these findings and recommendations to file his objections.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges as follows:

On July 8, 2020, three corrections officers used excessive force against him as he was stopped and searched while returning to his housing unit. Plaintiff also alleges a claim for deliberate indifference based on medical treatment after the alleged assault and a loss of personal property when he was placed in administrative segregation. Plaintiff alleges that the events occurred at Kern Valley State Prison (KVSP) and names the following KVSP employees as defendants: (1) Correctional Officer (CO) Rowland, (2) CO Marroquin, (3) CO Jim Garcia, (4) Registered Nurse (RN) Alvarado, (5) Physician Ismail Patel, and (6) Medical Doctor B. Brown. Plaintiff seeks monetary damages.

### A.  Excessive Force Allegations

In his first claim, Plaintiff alleges that he was subjected to excessive force on July 8, 2020. Plaintiff alleges he was stopped by Defendants Garcia, Rowland, and Marroquin as he was returning to his housing unit. Plaintiff alleges he was ordered to turn around, place his hands out to his side and submit to a search. Plaintiff alleges he complied with the orders. Plaintiff states that as Marroquin was searching him, Rowland aggressively grabbed Plaintiff's arm, yelled at him, and accused him of concealing something in his hand. Plaintiff alleges he was then "thrown face first, handcuffed, punched and kicked repeatedly" over his face, head, and body by the three correctional officers. Plaintiff alleges he begged them to stop as he was pinned to the floor.

Plaintiff further alleges that he requested a use of force investigation, but his request was denied several times. He was later interviewed by Sergeant Brown and Lieutenant Sell on July 17, 2020.

### B.  Deliberate Indifference to Serious Medical Needs Allegations

In his second claim, Plaintiff alleges he was denied medical treatment and sanitary conditions after the excessive force incident. Plaintiff alleges that after he was assaulted on July 8, 2020, he was placed in a holding cage and stripped of his clothes except for a bloodied pair of boxers by Marroquin.

3

Plaintiff alleges he requested medical treatment, but Defendant RN Alvarado did not arrive until approximately one hour after the incident. Plaintiff provides that during the hour, he did not have access to running water or sanitary supplies to clean his wounds. Plaintiff alleges that he asked Alvarado how serious his injuries were and if his nasal bone was visible, to which Alvarado responded that Plaintiff's injuries were very bad and that his nasal bone was visible.

Plaintiff contends that he was provided inadequate medical treatment because Alvarado only passed him medical gauze with saline on it through the cuff port of the holding cage. Plaintiff alleges he had to clean his own wounds, the holding cell was unsanitary, and he did not have a mirror to see what he was doing. Plaintiff alleges as Alvarado was leaving the holding cage, she said, "That's what you get when you cheek your suboxone." Plaintiff alleges that Alvarado made small talk and laughed with Marroquin.

Afterwards, Plaintiff was referred to "T.T.A." but had to wait an additional hour to be escorted there. Plaintiff alleges he was escorted to T.T.A in handcuffs, and his wounds were exposed to direct sunlight and wind, exacerbating his pain. Once at T.T.A., Plaintiff was evaluated by Patel. Plaintiff alleges he was provided antibiotic ointment, Dr. Brown signed off on his medical treatment and x-rays, and Plaintiff was sent back to a holding cage.

### C. Deprivation of Personal Property Allegations

Lastly, Plaintiff alleges that he was deprived access to his personal property on two occasions when he was placed in administrative segregation. Plaintiff alleges on July 8, 2020, and June 29, 2021, he was moved to administrative segregation. Plaintiff alleges that on both occasions his personal property was improperly packed, and he only received part of his property. Plaintiff alleges some of his property was left behind with another inmate and that he was never given the rest of his property. Plaintiff alleges that four John Doe defendants were responsible for improperly packing and delivering his property.

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

4

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id*. at 743-44. This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have

1  been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,
2  691, 695 (1978).

### B.    Excessive Force

In his first claim, Plaintiff alleges that Garcia, Rowland, and Marroquin, three corrections officers at KVSP, used excessive force against him on July 8, 2020.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

"Five factors bear on the excessive force analysis in a typical Eighth Amendment claim: '(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.'" *Bearchild v. Cobban,* 947 F.3d 1130, 1141 (9th Cir. 2020) (quoting *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.

Here, Plaintiff alleges that Garcia, Rowland, and Marroquin stopped and searched his person. Plaintiff alleges that although he complied with the officers' orders, Rowland aggressively grabbed his arm and accused him of concealing something in his hand. Plaintiff contends that was impossible because his hands were "outstretched", and his arms were "stretched out to [his] side." Plaintiff alleges he was thrown to the ground and handcuffed and that the three officers repeatedly kicked and punched Plaintiff's face, head, and body.

Based on Plaintiff's allegations, the Court concludes, for the purposes of screening, that Plaintiff has sufficiently stated claims for excessive use of force against Defendants (1) Garcia, (2) Rowland, and (3) Marroquin.[1]

### C. Deliberate Indifference to Serious Medical Needs

Plaintiff's second claim incorporates allegations from his first claim and further alleges that certain Defendants were deliberately indifferent to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To establish a constitutional violation, plaintiffs "must satisfy both the objective and subjective components of a two-part test." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (citations omitted).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). "To be liable, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (quoting *Farmer*, 511, U.S. at 837).

---

[1] Plaintiff also briefly alleges that KVSP staff did not immediately respond to his request for a use of force investigation or adequately conduct the investigation. To the extent Plaintiff intended this allegation to be a separate claim, it is insufficient to allege a constitutional violation. *See Manzanillo v. Jacquez,* 555 Fed. App'x 651 (9th Cir. 2014) (holding alleged failure to adequately investigate an excessive force claim in violation of prison policy does not constitute a violation of a federal right) (citing *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009)).

Additionally, to establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay led to further harm and that Defendants purposefully ignored his medicals needs knowing about the risk of harm from delay in treatment. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) ("when, as here, a claim alleges 'mere delay of surgery,' a prisoner can make 'no claim for deliberate medical indifference unless the denial was harmful.'") *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

As an initial matter, Plaintiff does not allege that the delay in treating his injuries from the assault caused him further harm.

Plaintiff also does not allege that any defendant was deliberately indifferent to a serious medical need.  Plaintiff alleges Defendant Alvarado only provided him with saline-covered gauze so he could clean his own wounds. This allegation does not establish deliberate indifference as to Defendant Alvarado because it does not allege that Defendant Alvarado failed to respond to Plaintiff's serious medical need.

Similarly, as to Defendant Patel, Plaintiff alleges that Patel evaluated Plaintiff's injuries and provided antibiotic ointment. This allegation also does not establish deliberate indifference. Plaintiff does not allege any treatment he needed or was denied by Patel.

As to Defendant Brown, Plaintiff alleges that Brown signed off on the medical treatment and x-rays but alleges no other factual basis against Dr. Brown. Plaintiff's allegations do not establish that Dr. Brown acted with deliberate indifference or that Dr. Brown failed to provide any medical treatment to him.

Although not expressly stated as a separate claim, Plaintiff alleges that the conditions of the holding cell were unsanitary, and he had to wait to receive medical treatment. Although routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, 'those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quoting *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can

constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).

Plaintiff fails to allege a conditions of confinement claim. Plaintiff's allegation that he was in the holding cage for an hour without the means to clean his wounds is insufficient to state a prolonged deprivation.

For those reasons, Plaintiff fails to state a claim for deliberate indifference to serious medical needs or based on the conditions of his confinement.

### D.    Loss of Personal Property

In his third claim, Plaintiff alleges that corrections officers, listed as four John Does within the body of his complaint, deprived him of property because they improperly packed and subsequently left or lost his belongings.

Under the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "'Any significant taking of property by the State is within the purview of the Due Process Clause.'" *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (citation omitted). However, "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)).

Plaintiff alleges that on July 8, 2020, and June 29, 2021, he was placed in administrative segregation. Plaintiff alleges that on both instances, his property was only partially packed and provided to him while some of his property was left behind with another inmate. Plaintiff alleges that he appealed this issue and staff recovered the remainder of his property. However, Plaintiff also alleges that he never fully recovered all his property.

Ultimately, Plaintiff's claim based on the loss of his property fails to state a claim because "California Law provides an adequate post-deprivation remedy for any property deprivations." *Barnett*, 31 F.3d at 816-817 (citing Cal. Gov't Code §§ 810-859). As noted by the Court in *Barnett*, the California Government Claims Act provides remedy for the type of deprivation alleged here. Further, under *Hudson,* 468 U.S. at 533, if a post-deprivation remedy

is available, as there is here, the deprivation of property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment."

Accordingly, Plaintiff fails to state a claim for deprivation of property against any of the named defendants or against any potential John Doe defendants.[2]

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff states a claim for excessive use of force against Defendants Rowland, Marroquin, and Garcia. The Court also finds that Plaintiff fails to state any other claims. The Court previously provided Plaintiff with applicable legal standards, explained why Plaintiff's complaint failed to state any other cognizable claims besides the excessive force claim, and gave Plaintiff leave to file an amended complaint, but Plaintiff chose to stand on his original complaint.

Based on the foregoing, **IT IS RECOMMENDED** that:

1. This case proceeds on the claim for excessive use of force against Defendants Rowland, Marroquin, and Garcia;

2. All other claims and defendants be dismissed;

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits.

---

[2] Plaintiff briefly alleges that the deprivation of his personal property was retaliation for his appeal of the use of force. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). However, Plaintiff does not allege facts showing that his personal property was taken due to the appeal, such as anything anyone said connecting those two events.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 22, 2025**              /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE