UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CISNEROS,<br><br>               Plaintiff,<br><br>    v.<br><br>D. ROWLAND, et al.,<br><br>               Defendants. | Case No.  1:24-cv-01070-JLT-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>**Settlement Statements due: March 23, 2026**<br><br>**Settlement Conference: March 30, 2026, at 10:00 AM**<br><br><u>Clerk of the Court to Serve Litigation Coordinator</u> |

Plaintiff Matthew Cisneros is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following the Court's order setting the matter for a settlement conference (*see* Doc. 31), the case has been referred to Magistrate Judge Christopher D. Baker to conduct a **settlement conference on March 30, 2026, at 10:00 a.m.** The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. The Court will issue the necessary appearance writ in due course.   The Zoom settlement conference invitation will be distributed by the Court to the parties the week prior to the conference date.[1]   The Court has reserved the entire day for this settlement conference and expects

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Cori Boren, Courtroom Deputy for Judge Baker, at CBoren@caed.uscourts.gov.

the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.  If any party believes that the settlement conference will not be productive, that party shall so inform the court no less than three (3) days in advance of the settlement conference.

Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference: (1) all of the attorney(s) who will try the case; and (2) individuals with full authority to negotiate and settle the case, on any terms.  *See* Local Rule 270(f).

The parties shall engage in <u>informal</u> settlement negotiations as follows:

(a) No later than **February 23, 2026,** Plaintiff shall submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, including a brief explanation of why such settlement is appropriate, which shall not exceed five (5) pages.

(b) No later than **March 9, 2026**, Defendants shall respond, by mail or telephone, with an acceptance of Plaintiff's offer or a meaningful counteroffer, including a brief explanation of why such settlement is appropriate. If settlement is achieved, the parties shall file a Notice of Settlement as required by Local Rule 160

If settlement is not achieved informally, **no later than March 23, 2026**, each party must submit to Judge Baker's chambers at CDBorders@caed.uscourts.gov a confidential settlement conference statement. Plaintiff shall mail his statement, clearly captioned "Confidential Settlement Conference Statement," to United States District Court, Attn: Magistrate Judge Christopher D. Baker, 510 19th Street, Suite 200, Bakersfield, CA 93301. Once the parties have submitted their statements, they shall file a "Notice of Submission of Confidential Settlement Conference Statement" with the Court. These statements should neither be filed on the docket nor served on any other party.

In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively by Judge Baker to prepare for and conduct the settlement conference and not for any other purpose.  If applicable, the statements should be marked "CONFIDENTIAL."  *See* Local Rule 270(d).

The statements should not exceed ten (10) pages and must include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the party's position on the factual and legal issues and brief review of the evidence to support that party's factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms;

(4) the party's best estimate of the probability that it will prevail should this case proceed to trial;

(5) the party's best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of the party's current position on settlement, including **the amount that it will give/accept to settle** (in specific dollar terms), and a statement of the party's expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles.

Notwithstanding the provisions of Federal Rule of Evidence 408, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

The Clerk of the Court is directed to additionally serve a courtesy copy of this Order via email on the Litigation Coordinator at Plaintiff's current facility.

IT IS SO ORDERED.

Dated:   **January 21, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3